UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21655-BLOOM/Otazo-Reyes

VICTORIA KITTERIELL,

    Plaintiff,

v.

ATTORNEY GENERAL OF THE UNITED STATES,
*et al*.

    Defendants.
_____/

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

**THIS CAUSE** is before the Court upon Plaintiff Victoria Kitteriell's ("Plaintiff") Motion for Leave to Proceed in this action *in forma pauperis*, ECF No. [3] (the "IFP Motion"), filed on May 27, 2022. The Court has carefully considered the IFP Motion, the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's IFP Motion is granted.

Section 1915 requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976); *see* 28 U.S.C. § 1915(a)(1). An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004); *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (IFP status need not be granted where one can pay or give security for the costs "and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using

HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines). The section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas*, 574 F. App'x at 916 ("A district court has wide discretion in ruling on an application for leave to proceed IFP.").

Plaintiff's IFP Motion represents that she has $813.00 in average monthly income from employment, she receives $180.26 monthly in child support, $836.00 monthly in disability, and supports three minor children. ECF No. [3] at 2-5. In addition, Plaintiff asserts that she and her children are currently homeless. *Id*. at 5. As such, Plaintiff's income does not exceed the poverty guideline. *See* 87 Fed. Reg. 3315 (Jan. 21, 2022) (setting $27,750.00 as the relevant poverty guideline for a family of four). Furthermore, the IFP Motion reflects no guaranteed monthly income going forward.

For these reasons, the Court finds that Plaintiff is unable to pay the required filing fee as required for indigent status under section 1915. Therefore, it is **ORDERED AND ADJUDGED** that Plaintiff's IFP Motion, **ECF No. [3]** is **GRANTED**. The Plaintiff is directed to file summonses in the form attached to this Order for issuance by the Clerk of Court, so that the United States Marshal's Service may effectuate service in accordance with 28 U.S.C. § 1915(d) and Rule 4(c)(3) of the Federal Rules of Civil Procedure.

Case No. 22-cv-21655-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 10, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Victoria Kitteriell, *pro se*
6158 SW 68th Street
Miami, FL 33143
Email: victoriakitteriell69@gmail.com

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

|  |  |
|---|---|
| *Plaintiff(s)* | )<br>)<br>)<br>)<br>) |
| v. | ) Civil Action No. |
| *Defendant(s)* | )<br>)<br>)<br>)<br>)<br>) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

| Print | Save As... | | Reset |