UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21655-BLOOM/Otazo-Reyes

VICTORIA KITTERIELL,

    Plaintiff,

v.

ATTORNEY GENERAL
OF THE UNITED STATES, *et al*.

    Defendants.

_____/

**ORDER GRANTING MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Commissioner of Social Security's ("the Commissioner") Motion to Dismiss, ECF No. [19] ("Motion"), filed on October 21, 2022. Pursuant to Local Rule 7.1(c)(1), Plaintiff's deadline for filing a Response was November 4, 2022. To date, no Response has been filed. The Court has reviewed the Motion, the record, and the applicable law. For the reasons that follow, Defendant's Motion is granted.

On May 27, 2022, Plaintiff filed a Complaint challenging the Commissioner of Social Security's decision to deny Plaintiff's application for Child Supplemental Security Income payments. ECF No. [1]. The Complaint lists as Defendants, the Attorney General of the United States, the United States Attorney's Office, and the Commissioner's Office of Appellate Operations and Miami field office. *Id*. at 2-3. In addition to seeking judicial review of the Commissioner's denial, Plaintiff states that she is "seeking damages for pain and suffering." *Id.* at 5.

On October 21, 2022, the Commissioner filed the instant Motion to Dismiss. ECF No. [19]. Therein, the Commissioner notes that Plaintiff "appears to have timely implemented a civil action seeking judicial review of the Commissioner's final decision." *Id*. at 7. However, the Motion

identifies two defects within the Complaint: it contains an improper claim for damages, and it names incorrect defendants.

The Court agrees that Plaintiff's claim for damages is barred by sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 476 (1994). The Social Security Act contains a limited waiver to allow judicial review of the Commissioner's determinations, *see* 42 U.S.C. § 405(g), but it does not authorize separate claims for damages. *Id*. § 405(h). Therefore, to the extent that Plaintiff has set forth a claim for damages stemming from the Commissioner's decision, that claim must be dismissed. *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988).

The Court also agrees that Plaintiff's Complaint should be filed solely against the Commissioner, because it is ultimately the Commissioner's sole responsibility to decide applications for social security benefits. *See* 42 U.S.C. § 405(g).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Commissioner's Motion, **ECF No. [19]**, is **GRANTED**.
2. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED without prejudice.**
3. Plaintiff has leave to file an Amended Complaint. Such Amended Complaint shall:
   a. Identify the only Defendant in this case as the Commissioner of Social Security, in her official capacity;
   b. Not include a request for damages;
   c. Include Case Number 22-cv-21655-BB, to ensure it is correctly filed in this case;
   d. Be filed **on or before November 28, 2022**. Failure to file an Amended Complaint by this date may result in dismissal of this case without further notice.

Case No. 22-cv-21655-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 7, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record